UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALIBU MEDIA, LLC,

                              Plaintiff,

              -v-

JOHN DOE, *subscriber assigned IP address 100.2.90.181*,

                              Defendant.

---

18-CV-6574 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On July 21, 2018, Plaintiff Malibu Media ("Malibu") filed a complaint against an unidentified defendant ("Doe"), alleging that Doe downloaded, copied, and distributed Malibu's copyrighted movies without authorization, in violation of the Copyright Act. (Dkt. No. 1 ("Compl.") ¶ 24.) The movies at issue contain pornographic material. (*See* Dkt. No. 1-1.) In the Complaint, Doe is identified only by an internet protocol ("IP") address. (Compl. ¶ 9.) On August 9, 2018, Malibu filed a motion seeking expedited discovery from Doe's third-party internet service provider ("ISP"), Verizon Internet Services ("Verizon"), hoping to obtain the Defendant Doe's name and address. (Dkt. No. 6.)

On August 10, 2018, this Court granted Malibu's motion for expedited discovery to identify Doe's name and current and permanent address. (Dkt. No. 7.) In that Order, this Court also noted that "if John Doe . . . files a motion to quash the subpoena, Verizon Internet Services may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing Verizon Internet Services to resume in turning over the requested discovery." (*Id.*)

1

On October 19, 2018, Doe filed the instant motion to quash the subpoena for his personal information from Verizon and for a protective order preventing Malibu from obtaining further discovery as to him.  (*See generally* Dkt. No. 9 ("Motion to Quash").)  For the reasons that follow, Doe's motion to quash the subpoena and for a protective order is denied.  However, Doe may proceed anonymously as this case moves forward until further order of this Court.

## I.      The Motion to Quash

Federal Rule of Civil Procedure 45(d) provides that one responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  In response to a timely motion, a court must quash or modify any subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv).

Doe seeks to quash this subpoena on the grounds that (1) Malibu does not have "good cause" to subpoena Verizon (Motion to Quash ¶¶ 22–33), and, alternatively, (2) the information sought subjects Doe to an undue burden (*Id.* ¶¶ 34–53).  Malibu opposes Doe's motion on several grounds, including that (1) Malibu has established the requisite "good cause" to warrant issuance of the subpoena (Dkt. No. 12 ("Malibu Opp.") at 13–18); and (2) Doe lacks standing to challenge the subpoena of Verizon on the basis of undue burden (Malibu Opp. at 20–22).

### A.      Good Cause

Doe urges this Court to reconsider its holding that Malibu had good cause to take expedited discovery from third-party ISP Verizon in order to identify Doe's name and address. (Motion to Quash ¶¶ 21–22.)

2

The expedited discovery granted by this Court came in the form of a subpoena directing Verizon to produce identifying information regarding Doe.  (*See* Dkt. No. 7.)  In deciding whether such a subpoena should be quashed, courts in this Circuit generally consider the following five factors:

> (1) A concrete showing of a prima facie claim of actionable harm; (2) [the] specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy.

*Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004) (internal citations omitted).  As set forth below, each of these factors supports disclosure of Doe's identity.

Starting with the first *Sony* factor, the Court concludes Malibu has alleged a prima facie case of copyright infringement.  A prima facie claim of copyright infringement consists of two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Id.* at 565.  Malibu alleges that it owns copyrights for the allegedly infringed movies.  (Compl. ¶ 23.)  While Doe contends that Malibu's copyrights may be invalid because they are obscene (Motion to Quash ¶ 27), Malibu has carried its burden of establishing a prima facie case by showing that its works have obtained certificates of registration from the United States Register of Copyrights (Dkt. No. 1-2).  Such a showing of copyright ownership is sufficient for this stage of the case.  *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) ("A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright, although that presumption of ownership may be rebutted.").  Malibu has also alleged sufficient details regarding the "unlawful downloading, copying, and distribution of . . . work[s] by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement."

*Malibu Media, LLC v. Does 1–11*, No. 12 Civ. 3810, 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013). Courts have repeatedly held that such a level of specificity is sufficient to establish a prima facie case of copyright infringement. *See also Malibu Media, LLC v. Doe No. 4*, No. 12 Civ. 2950, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012); *Malibu Media, LLC. V. Doe*, No. 15 Civ. 1834, 2015 WL 4403407, at *2 (S.D.N.Y. July 20, 2015).

*Sony* factors two through four similarly favor Malibu. Malibu's subpoena request is highly specific in nature; it seeks only the name and address of Doe, and is narrowly tailored so as to obtain just enough information to identify and serve the defendant. *Id.* Malibu has also established that it lacks other means to obtain the subpoenaed information: Defendant has allegedly used BitTorrent to download and distribute the works at issue (Compl. ¶ 31), and BitTorrent software is wholly anonymous save for the disclosure of the user's IP address. *Malibu*, 2015 WL 4403407, at *2. As a result, subpoenaing Verizon, which can use its subscriber logs to connect the identity of one subscriber and a particular IP address, is the only means to obtain identifying information of Doe. *Id.* And Malibu has demonstrated that Doe's identifying information is centrally needed to advance its copyright infringement claims, because without such information, Malibu will not be able to ascertain the identity of Doe and to effect service on Doe.

Finally, with respect to the fifth *Sony* factor, Malibu's interest in discovery outweighs Doe's expectation of privacy. This Court recognizes the weight of the privacy interest at stake given the sensitive and embarrassing nature of the conduct alleged here. This Court is also mindful of the possibility that Doe might not have committed the conduct alleged. *See Patrick Collins, Inc. v. Does 1–6*, No. 12 Civ. 2964, 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012) (collecting cases recognizing the risks inherent to the premature disclosure of a Doe defendant's

identity in similar circumstances).  However, "privacy must, in some instances, 'give way to plaintiff['s] right to use the judicial process to pursue what appear to be meritorious copyright infringement claims'"  *Malibu*, 2012 WL 5987854, at \*4 (alterations in original) (quoting *Next Phase Distrib., Inc. v. Does 1–138*, No. 11 Civ. 9106, 2012 WL 691830, at \*3 (S.D.N.Y. Mar. 1, 2012)).

Here, granting Doe's motion to quash will effectively end this lawsuit and any chance Malibu has at vindicating its copyright infringement claims, as absent the requested discovery, Malibu will be unable to serve Doe.  In addition, Malibu alleges that Doe has downloaded its copyrighted works over the course of nearly nine months, which reduces the likelihood that the infringement was conducted by a transient visitor.  (Dkt. No. 1-1.)  Moreover, Malibu has consented to, and this Court will allow, Doe's proceeding anonymously in this case, minimizing any potential embarrassment and reputational damage should Doe be vindicated of the alleged conduct.  (*See* Malibu Opp. at 3.)  Therefore, Doe's privacy interest is outweighed by Malibu's interest in discovering Doe's identity.

Because all five of the *Sony* factors weigh in favor of Malibu, the Court denies Doe's motion to quash.

### B.    Undue Burden

Doe also moves the Court to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d) on the basis of undue burden.  (Motion to Quash ¶¶34–53.)

This Court agrees with Malibu that Doe lacks standing to quash the subpoena on undue burden grounds.  "[A] party usually does not have standing to object to a subpoena directed to a non-party," *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975), unless there is "a claim of privilege," *id.*, or the party shows "a sufficient privacy interest in the confidentiality of [the] records," *Olympic Chartering, S.A. v. Ministry of Indus. & Trade of*

*Jordan*, 134 F. Supp. 2d 528, 535 (S.D.N.Y. 2001) (internal quotation marks omitted).  However, "[e]ven where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden."  *Malibu Media, LLC v. John Does 1–21*, No. 12 Civ. 835, 2012 WL 3590902, at *2 (D. Co. Aug. 21, 2012).

As Malibu points out, courts in this Circuit have generally held that Doe defendants lack standing to quash a subpoena that is issued to a third party, such as an ISP, on the basis of undue burden.  (Malibu Opp. at 21.)  This Court adopts that same holding here.  *See, e.g., Malibu*, 2012 WL 5987854, at *2; *Malibu*, 2015 WL 4403407, at *3. Because the subpoena at issue is directed at the ISP, Verizon, rather than to Doe, Doe lacks standing to object to the subpoena on the basis of undue burden.

## II.     Protective Order

Doe also moves for a protective order preventing Malibu from obtaining further discovery as to Doe pursuant to Federal Rule of Civil Procedure 26(c).  (Motion to Quash at 15.)

Doe lacks standing for such relief because "a motion . . . for a protective order[] should generally be made by the person from whom the documents or things are requested."  *Malibu*, 2015 WL 4403407, at *3 (quoting *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005)).  Though Malibu seeks identifying information about Doe, Malibu seeks to obtain that information not from Doe but from a non-party, Verizon.  Accordingly, Doe's motion for a protective order is denied.[1]

---

[1] Moreover, even if this Court were to consider the merits of Doe's argument, Doe's concern of embarrassment is adequately addressed by proceeding anonymously.

### III.    Conclusion

For the foregoing reasons, Defendant Doe's motion to quash and for a protective order is DENIED.  Accordingly, Verizon may resume providing Malibu with Doe's name and address in accordance with this Court's prior discovery order.  (Dkt. No. 7.)  Defendant Doe shall proceed anonymously pending further order from the Court.

The Clerk of Court is directed to close the motion at Docket Number 9.

SO ORDERED.

Dated: November 14, 2018
       New York, New York

_____
        J. PAUL OETKEN
     United States District Judge